Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2152 | **DATE** | 11/5/2003 |
| **CASE TITLE** | Zuccaro vs. Ford Motor Company, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Reconsideration [16-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ford Motor Company, Inc.'s Motion for Reconsideration [16-1] of the order granting Zuccaro leave to file amended complaint is GRANTED. The Order granting Zuccaro leave to file an amended complaint [13-1] is VACATED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 10 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| slf (lc) | courtroom deputy's initials | | date mailed notice | |

JACQUELINE ZUCCARO, )
)
       PLAINTIFF )
)
)
v. )
) No. 03 C 2152
FORD MOTOR COMPANY, INC., )
BRIDGESTONE CORPORATION, ) HONORABLE DAVID H. COAR
BRIDGESTONE/FIRESTONE )
AMERICAS HOLDING, INC., )
BRIDGESTONE/FIRESTONE NORTH )
AMERICAN TIRE, LLC., )
BRIDGESTONE/FIRESTONE, INC., )
BRIDGESTONE (U.S.A.), INC., )
AL PIEMONTE ARLINGTON )
HEIGHTS FORD, INC. d/b/a )
ARLINGTON HEIGHTS FORD, INC., )
AHF, INC. d/b/a ARLINGTON HEIGHTS )
FORD, INC., and ARLINGTON )
HEIGHTS FORD, INC., )
       DEFENDANTS )

## MEMORANDUM OPINION AND ORDER

Defendant Ford Motor Company, Inc. ("Ford" or "Defendant") filed this Motion for Reconsideration, requesting that the Court reconsider its April 21, 2003 ruling granting Plaintiff Jacqueline Zuccaro ("Zuccaro" or "Plaintiff") leave to file an amended complaint and add Al Piemonte Arlington Heights Ford ("Arlington Heights Ford") as a defendant. The amendment would destroy subject matter jurisdiction, thereby requiring that this Court remand this action to state court, pursuant to 28 U.S.C. § 1447 (e). The Court originally denied Ford's Motion for

Reconsideration on April 29, 2003. However, on May 28, 2003, the Court, on its own Motion, vacated its order denying Ford's Motion for Reconsideration, and allowed the parties to brief the issue of whether Plaintiff should be granted leave to file an amended complaint. For the reasons set forth below, the Court GRANTS Defendant's Motion for Reconsideration. The April 21, 2003 order granting Plaintiff leave to file an amended complaint is VACATED.

## I. PROCEDURAL HISTORY

This Motion for Reconsideration arises out of a products liability action that originated in state court, in the Circuit Court of Cook County, Illinois ("State Court"). On February 21, 2003, Zuccaro initiated this action against Ford, the Bridgestone Corporation, Bridgestone/Firestone America's Holding, Inc., Bridgestone/Firestone North American Tire, LLC, Bridgestone/Firestone, Inc., and Bridgestone U.S.A., Inc. (collectively, "Bridgestone/Firestone" or "Defendants") in State Court. Plaintiff seeks recovery for property, pecuniary and personal damages she alleges were directly and proximately caused by the defective Firestone Wilderness AT tires on her 2001 Ford Explorer, which resulted in a blow-out and subsequent loss of control of her vehicle on April 22, 2001.

On March 26, 2003, Defendant Bridgestone/Firestone North America Tire, LLC filed a Notice of Removal, pursuant to 28 U.S.C. § 1446, which removed this action from State Court to this Court, as complete diversity of citizenship existed between the Plaintiff and Defendants. On April 17, 2003, Zuccaro filed an emergency motion, requesting that the Court grant Plaintiff

leave to file an amended complaint and add Arlington Heights Ford as a Defendant.[1] On April 21, 2003, this Court granted the Plaintiff's motion for leave to file an amended complaint. Arlington Heights Ford is a Delaware Corporation with its principal place of business in Illinois. Therefore, the addition of Arlington Heights Ford as a defendant would destroy subject matter jurisdiction in this Court. Subsequently, on April 30, 2003, Zuccaro filed a motion to remand this action to state court, pursuant to 28 U.S.C. § 1447(e). On April 23, 2003, the Defendant filed a Motion for Reconsideration, asking the Court to reconsider its ruling which granted the Plaintiff leave to file an amended complaint, and add Arlington Heights Ford as a defendant. On April 29, 2003, this Court issued an order denying Ford's Motion for Reconsideration.[2] On May 28, 2003, this Court, on its own motion, vacated its April 29, 2003 Order denying the Defendants' Motion for Reconsideration of the order granting Zuccaro's motion for leave to amend her complaint and add Arlington Heights Ford as a defendant.

## II. ANALYSIS

### A. Legal Standard for Motions for Reconsideration

Motions for reconsideration are limited in their function: "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole, 90 F.3d 1264, 1269 (1996) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665

---

[1] Arlington Heights Ford is the car dealer/distributor from whom Zuccaro purchased her 2001 Ford Explorer.

[2] On May 8, 2003, this Court granted Bridgestone Corporation's Motion to Dismiss Counts III and IV of Plaintiff's first amended complaint. Therefore, Ford and Arlington Heights Ford are the only remaining Defendants in this cause of action.

-3-

(N.D. Ill. 1982), *aff'd*, 736 F. 2d 388 (7th Cir. 1984)). A motion for reconsideration will be granted only if the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issues to the court. Such problems rarely arise; therefore, motions to reconsider should be equally rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1991 (7th Cir. 1990) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). The Court will now address whether it should reconsider its ruling granting Plaintiff leave to file an amended complaint and add Arlington Heights Ford, a non-diverse party, as a defendant.

### B. Legal Standard for Motions to Amend

Plaintiff seeks leave to amend her Complaint and add Arlington Heights Ford as a defendant pursuant to 28 U.S.C. § 1447(e). This statute provides the standard for joinder of non-diverse parties: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remove the action to State court." Id. There are four factors that courts can balance to determine whether the Plaintiff should be allowed to join a non-diverse party, thereby destroying subject matter jurisdiction. These factors include:

> (1) the extent to which the joinder of the non-diverse party is sought merely to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) any other equitable considerations, including defendant's interest in maintaining a federal forum.

Hensgens v. Deere & Co., 833 F. 2d 1179, 1182 (5th Cir. 1987). See also Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311 (M.D. Ala. 1999); Wells v. Certainteed Corp., 950 F. Supp. 200 (E.D. Mich. 1997); Witkowski v. Toyota Industrial Equipment, No. 92 C 0851, 1992 U.S. Dist. LEXIS 9471 (N.D. Ill. June 29, 1992). The Court will address each of the four factors in turn, in order to determine whether Plaintiff should have been granted leave to amend her Complaint.

*1. Extent to Which Non-Diverse Party is Sought Merely to Defeat Federal Jurisdiction*

Plaintiff sought leave to add Arlington Heights Ford as a Defendant on April 17, 2003, subsequent to removal of this action to federal court. Zuccaro was fully aware of the identity of the dealer/distributor of her 2001 Ford Explorer prior to her request to add Arlington Heights Ford as a defendant. However, Plaintiff offers no reason as to why she failed to name Arlington Heights Ford as a defendant in her original Complaint. "When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of the plaintiff's motives to amend." In re Bridgestone/Firestone, Inc. v. Ford Motor Co., 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001) (citing County of Cook v. Phillip Morris, Inc., No. 97 C3295, 1997 U.S. Dist. LEXIS 16581, 1997 WL 667777, at 3 (N.D. Ill. October 16, 1997)). This leads to a reasonable inference that Zuccaro sought to add Arlington Heights Ford as a defendant solely to defeat diversity jurisdiction.

*2. Extent to Which Plaintiff has Been Dilatory in Requesting an Amendment*

To determine whether a plaintiff has been dilatory in requesting an amendment, courts measure the passage of time between either the filing of the case or removal and the filing of the motion to amend. In re Bridgestone, 129 F. Supp 2d at 1205. Plaintiff's cause of action was

removed to this Court on March 26, 2003. Zuccaro filed her motion granting leave to amend her Complaint on April 17, 2003. The Court does not consider the passage of 21 days to be dilatory.

*3. Balance of Risks to Plaintiff and Defendant*

The third factor requires the Court to explore the balance between the risk that the plaintiff will suffer significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed. See Hensgens, 833 F.2d at 1182. Plaintiff has not indicated that she will be prejudiced if Arlington Heights Ford is not added as a Defendant. There is no indication that the Plaintiff cannot fully recover for her injuries from Ford if liability is established. Furthermore, the establishment of a multidistrict litigation panel for actions arising out of circumstances similar to Plaintiff's heightens the likelihood that the Defendant will be prejudiced if the case is not allowed to proceed in federal court.[3] This issue will now be addressed in more detail, when the Court discusses other equitable considerations that should be taken under advisement when considering whether a plaintiff should be allowed to join a non-diverse party as a defendant after this cause of action was removed to federal court.

---

[3]Ford argues that Arlington Heights Ford was fraudulently joined. Defendants contend that there is no possibility that Zuccaro can prevail against Arlington Heights Ford in State Court. (Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against a non-diverse defendant in state court or where there has been outright fraud of plaintiff's pleading of the jurisdictional facts. Gottlieb v. Westin Hotel Company, 990 F.2d 323, 327 (7th Cir. 1993)). However, Illinois' statutes regarding distributor liability for product liability actions, 735 ILCS 5/2-621(c), does allow Zuccaro to state a cause of action against a distributor on a negligence theory. Although the Plaintiff may be able to state a cause of action against Arlington Heights Ford, it is still within this Court's discretion to permit or deny joinder.

*4. Other Equitable Considerations, Including Defendant's Interest in Maintaining a Federal Forum*

The most significant equitable consideration for maintaining a federal forum is that this case will become part of coordinated multidistrict litigation proceedings ("MDL proceedings") if this action remains in federal court. Defendants are correct in their assertion that the MDL panel determined that the centralization of cases arising out of circumstances similar to the Plaintiff's cause of action is necessary to eliminate duplicate discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. In re Bridgestone/Firestone, Inc. Tire Products Liability Litigation, 2000 WL 33416573 (Jud. Pan. Mult. Lit. 2000).

In balancing the four factors to be considered in order to determine whether the Court should grant Plaintiff's motion for leave to amend her complaint and add Arlington Heights Ford as a defendant, the Court concludes that the factors weigh in favor of denying the amendment. Although the Plaintiff was not dilatory in requesting leave to amend her Complaint, the timing of Zuccaro's motion for leave to amend, after this case was removed to federal court, leads to the reasonable inference that the Plaintiff was attempting to defeat diversity jurisdiction in an attempt to compel remand to State Court. Furthermore, the creation of the MDL proceedings weighs heavily in Defendant's favor, as the MDL panel was created for efficiency of litigation in cases such as the Plaintiff's.

## III. CONCLUSION

For the foregoing reasons, Ford Motor Company's Motion For Reconsideration of the Order granting Zuccaro leave to amend her complaint to join Arlington Heights Ford as a Defendant is GRANTED. The Order granting Zuccaro leave to file an amended complaint is VACATED.

Enter:

*[signature: David H. Coar]*

David H. Coar

United States District Judge

Dated: November 5, 2003